UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-00446-SEB-TAB |
| | ) |
| JERMAINE TURENTINE, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR DEFAULT JUDGMENT (DKT. 10)**

On February 15, 2018, Plaintiff sued Defendant for infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*. Dkt. 1. Defendant failed to plead or otherwise defend and the Clerk entered a default on August 13, 2018. Dkt. 9. *See* Fed. R. Civ. P. 55(a). Now before the Court is Plaintiff's motion for default judgment. Dkt. 10. *See* Fed. R. Civ. P. 55(b). The motion is granted in part.

## Discussion

As the Seventh Circuit has explained in a recent case,

> "There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). This two-step process is clearly outlined in Rule 55(a) (entry of default) and Rule 55(b) (default judgment) of the Federal Rules of Civil Procedure. The basic effect of an entry of default (step one) is that "[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). . . . At the

1

> same time, however, the entry of default "does not of itself determine rights." *United States v. Borchardt*, 470 F.2d 257, 260 (7th Cir. 1972). That role is reserved for a default judgment.

*VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (first alteration omitted). Thus, "allegations regarding the amount of damages must be proven because 'even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true.'" *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 842 (S.D. Ill. 2006) (first alteration omitted) (quoting *Catt*, 386 F.3d at 793).

## I. Liability

"As an initial matter the Court must determine whether Plaintiff[] ha[s] established a prima facie case as to liability for copyright infringement." *Id.* "'Plaintiff[] must satisfy two requirements to present a prima facie case of direct copyright infringement: (1) [he] must show ownership of the allegedly infringed material and (2) [he] must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106.'" *Id.* (alteration omitted) (quoting *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)).

The complaint before us alleges that Plaintiff took a photograph of the Indianapolis, Indiana, skyline in March 2000. Compl. ¶ 7. "[C]opyright protection begins at the moment of creation of 'original works of authorship fixed in any tangible medium of expression[.]'" *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007) (quoting 17 U.S.C. § 102(a)). Accordingly, Plaintiff has satisfied the first legal element.

The complaint alleges further that Plaintiff uploaded a copy of his photograph to the Internet in August 2000, Compl. ¶ 10, and that, some time before November 2017, Defendant downloaded a copy of the photograph from the Internet without Plaintiff's permission and used the copy in public advertisements for Defendant's business. *Id.* ¶ 14–17. The Copyright Act vests the exclusive right in a copyright holder "to reproduce the copyrighted work in copies . . . ." 17 U.S.C. § 106(1). Accordingly, Plaintiff has satisfied the second legal element.

Liability having been established, we proceed to consider Plaintiff's appropriate remedies.

## II. Remedies

Plaintiff seeks damages, costs, a permanent injunction, and a declaratory judgment. Compl., at 8–9.

*A. Damages*

The Copyright Act permits a plaintiff to elect statutory damages in lieu of actual damages. 17 U.S.C. § 504(a), (c). Plaintiff here has so elected. Br. Supp. 9 (citing Pl.'s Decl. ¶ 9). Accordingly, the Court may award "a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Here, the minimum award of $750 is just, considering that the protected matter is a grainy, nineteen-year-old photograph that Plaintiff himself released into the world by uploading it to a public website without a watermark or other identifying mark, *see* Dkt. 11 Ex. 3 (work in suit), and waiting eleven years before applying for copyright registration. Compl. ¶ 11.

Plaintiff's complaint alleges that the infringement here was willful, Compl. ¶ 19, and the Copyright Act permits enhanced statutory damages up to a maximum of $150,000 "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully[.]" 17 U.S.C. § 504(c)(2). But, as previously noted, damages allegations are not deemed true on a motion for default judgment, *UMG Recordings*, 461 F. Supp. 2d at 842, and Plaintiff has not otherwise sustained his burden of proof on the issue of willfulness.

Plaintiff's only evidence is what appears to be a print-out of the home page of Defendant's business's website. Dkt. 11 Ex. 4. The print-out shows the work in suit at the lower right-hand corner unmarked and otherwise unidentified. *Id.* Plaintiff contends that "Defendant recklessly, willfully and falsely asserted that . . . Defendant owned the copyrights of all content, images and photos contained in . . . Defendant's website . . . by adding www.jteamz.com below" the work in suit. Br. Supp. 8. But the "www.jteamz.com" notation appearing at the bottom of the print-out is clearly part of the footer created when Plaintiff printed the webpage, like the "[page] 1/8" notation appearing next to it. Dkt. 11 Ex. 4. This "evidence" is therefore entirely irrelevant and as such unpersuasive.

B. Costs

"[T]he court in its discretion may allow the recovery of full costs by or against any party . . . ." 17 U.S.C. § 505. "'Traditionally, although not required to do so, courts routinely award costs to the prevailing party in copyright cases.'" *UMG Recordings*, 461 F. Supp. 2d at 845 (nested quotation marks omitted) (quoting *Arclightz & Films Pvt. Ltd.*

*v. Video Palace Inc.*, 303 F. Supp. 2d 356, 365 (S.D.N.Y. 2003)). Here, Plaintiff has reportedly incurred costs totaling $472.92, including the $400 filing fee and $72.92 service costs. Pl.'s Decl. ¶ 9. Accordingly, Plaintiff is entitled to a reimbursement of those expenditures and thus shall be awarded an additional $472.92.

C.  Permanent Injunction

"Any court having jurisdiction . . . may . . . grant . . . final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "Although 'the issuance of an injunction is in the discretion of the court, courts have traditionally granted permanent injunctions if liability is established and a continuing threat to a copyright exists.'" *UMG Recordings*, 461 F. Supp. 2d at 8444 (quoting *Jobete Music Co. v. Johnson Commc'ns, Inc.*, 285 F. Supp. 2d 1077, 1092 (S.D. Ohio 2003)).

Here, Plaintiff has established no continuing threat to his copyright from Defendant. The Court takes judicial notice, Fed. R. Evid. 202(b)(2), (c)(1), that Defendant's "www.jteamz.com" website is no longer live. And Plaintiff's argument on this point is incomprehensible: "Injunctive relief, therefore, is necessary to prevent future harm, which would be irreparable, as the test questions would be unusable once they were published." Br. Supp. 11. Accordingly, Plaintiff we withhold injunctive relief.

D.  Declaratory Judgment

"The Declaratory Judgment Act . . . authorizes a federal court, '[i]n a case of actual controversy within its jurisdiction,' to 'declare the rights and other legal relations of any interested party seeking such declaration.'" *Klinger v. Conan Doyle Estate, Ltd.*,

5

988 F. Supp. 2d 879, 886 (N.D. Ill. 2013) (quoting 28 U.S.C. § 2201(a)). The remedy is discretionary. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 747 (7th Cir. 1987) (citations omitted). Declaratory judgments "serve no useful purpose" where a plaintiff has already successfully invoked his rights to a coercive remedy such as damages. *Id.* at 749. (citations omitted).

Because Plaintiff has shown an entitlement to damages for infringement, a declaration of infringement would serve no useful purpose. Accordingly, Plaintiff's request for a declaratory judgment is denied.

### **Conclusion and Order**

For the reasons given above:

Plaintiff's motion for default judgment, Dkt. 10, is GRANTED IN PART and DENIED IN PART.

Defendant is ORDERED to pay Plaintiff $750 damages and $472.92 costs, totaling $1,222.92.

Plaintiff's request for a permanent injunction is DENIED.

Plaintiff's request for a declaratory judgment is DENIED.

Final judgment will enter by separate document. Fed. R. Civ. P. 58(a).

IT IS SO ORDERED.

Date:    3/18/2019

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

JERMAINE TURENTINE
7375 Mariner Way Apt 213,
Indianapolis, IN 46214